# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SOUTHERN STAR CENTRAL<br>GAS PIPELINE, INC.<br><br>      Plaintiff,<br><br>v.<br><br>PHILLIP G. CLINE,<br><br>      Defendant. | Case No. 10-CV-2233 JAR/DJW |

## MEMORANDUM AND ORDER

Before the Court is defendant Phillip G. Cline's Motion for Reconsideration regarding the Court's dismissal of Cline's intentional infliction of emotional distress counterclaim and request for punitive damages (Doc. 31). The Court's Memorandum and Order of November 16, 2010 found Cline's intentional infliction of emotional distress counterclaim was barred by the statute of limitations and failed on its merits (Doc. 28). Plaintiff Southern Star Central Gas Pipeline, Inc. ("Southern Star") has responded to Cline's Motion for Reconsideration (Doc 35) and the Court is prepared to rule. For the reasons explained below the Court denies Cline's motion for reconsideration.

**I.    Background**

The Court incorporates by reference the background provided in its November 16, 2010 Memorandum and Order. On April 21, 2010 Southern Star filed suit against Cline requesting damages for slander of title and a declaratory judgment that its gas storage lease on Cline's property remained in full force and effect. Cline counterclaimed for intentional infliction of emotional distress, punitive damages, and requested a termination of Southern Star's gas storage

lease.  Southern Star filed a Motion for Partial Judgment on the Pleadings requesting dismissal of the emotional distress claim and the claim for punitive damages.  Cline filed a Motion for Partial Judgment on the Pleadings requesting dismissal of Southern Star's slander of title claim.  In a Memorandum and Order filed on November 16, 2010, this Court granted Southern Star's motion and dismissed Cline's intentional infliction of emotional distress claim and punitive damage claim (Doc. 28).  The Court further granted Southern Star leave to amend its complaint in regards to the slander of title action.

Southern Star filed an Amended Complaint (Doc. 38) and removed the slander of title claim.  Southern Star contended in its original Complaint that it received notice from Cline in April of 2010 of the affidavit Cline filed in May of 2007 with Jefferson County challenging Southern Star's lease.  While conducting discovery, Southern Star found a letter in its files received from Cline in July of 2007, which contained a copy of the affidavit.  Southern Star determined that this earlier notice put the slander of title claim outside the statute of limitations and dropped the slander of title claim.  Cline subsequently filed the instant motion.

**II.     Standards**

Cline filed this motion under Fed. R. Civ. Pro. 46, which permits an objection to an order or ruling during trial; its use is not appropriate at this phase in the litigation.  D. Kan. Rule 7.3(a) allows a party to seek reconsideration of a dispositive order under Rule 59(e) or 60.  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the

need to correct clear error or prevent manifest injustice.[1] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[2]

By contrast, Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule."[3] Under Rule 60(b), the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered; . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . [or] it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[4]

Subsection (b)(6) is mutually exclusive to the other categories of relief enumerated in Rule 60(b),[5] and may only be granted "in extraordinary circumstances and only when necessary to accomplish justice."[6] Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument"

---

[1] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[2] *Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[3] *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

[4] Fed. R. Civ. P. 60(b).

[5] *Mullin v. High Mountain*, 182 F. App'x 830, 833 n.3 (10th Cir. 2006) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005)).

[6] *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 579 (10th Cir. 1996) (quoting *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993)).

because a Rule 60(b) motion is not a substitute for appeal.[7]

## III.     Discussion

Cline argues that Southern Star made untrue statements constituting willful fraud in the filling of this suit.  Specifically, Southern Star stated in its original Complaint that Cline first informed Southern Star of the affidavit recorded with Jefferson County in April of 2010.  Cline states he was angered by this statement because he knew Southern Star was intentionally misleading the Court.  Cline asserts that Southern Star filed the suit in bad faith.  He further asserts he has suffered sleep loss and a lack of concentration because of Southern Star's actions.  While the standards under Rule 59 and Rule 60 are similar, the Court addresses Cline's arguments under each rule separately.  Because the Court finds no justification for altering its previous order dismissing the intentional infliction of emotional distress claim, Cline has no basis on which to claim punitive damages.[8]

### A.      Rule 59(e)

Cline's motion can be read as raising two justifications for altering or amending the judgment under Rule 59: the need to correct clear error or prevent manifest injustice and the discovery of new evidence.  Cline argues that Southern Star filed this case based on untrue statements that intentionally caused him emotional distress.  This argument, however, does not comport with the allegations set forth in Cline's counterclaim.  Cline's counterclaim alleged Southern Star inflicted emotional distress on Cline by refusing to timely make the lease payments and refusing to provide him with free natural gas.  Cline did not allege that Southern

---

[7]*Hilliard v. Dist. Ct. of Comanche County*, 100 F. App'x 816, 819 (10th Cir. 2004) (internal quotations omitted).

[8]*Farrell v. Gen. Motors Corp.*, 815 P.2d 538, 549 (Kan. 1991).

4

Star intended to cause him emotional distress by filing this suit. Rule 59 does not permit Cline to present this new legal theory.[9] Further, Cline's counterclaim was dismissed under a Rule 12(c) motion, where the Court reviews the factual allegations made in the pleadings not the parties' motions.[10] Based on the facts alleged in Cline's counterclaim, the statute of limitations expired in 2009, prior to the filing of this suit in April of 2010. Cline has not presented new evidence that would alter the accrual date of his claim. Thus, the claim remains barred by the statute of limitations.

Additionally, the Court did not err in finding that Cline did not plead facts to support the elements of his claim of intentional infliction of emotional distress. Cline newly contends that his loss of sleep proves compensable mental distress. However, the Kansas Supreme Court has stated sleeplessness is inadequate to satisfy the severe mental distress element.[11] Even if loss of sleep was an adequate symptom of severe emotional distress, nothing prevented Cline from asserting this symptom in his counterclaim. Cline's motion rehashes previous arguments and asserts a new legal theory; neither are a appropriate under a Rule 59 motion.

Cline suggests that Southern Star's admission that it had received the July 3, 2007 letter constitutes new evidence justifying reconsideration. However, this argument fails for the same reasons identified above. Cline's counterclaim centered on emotional distress originating from Southern Star's failure to make lease payments and provide free gas. Cline's counterclaim did

---

[9]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[10]*Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003).

[11]*Valadez v. Emmis Commc'ns*, 229 P.3d 389, 395 (Kan. 2010) (citing Boston, Kline, & Brown, *Emotional Injuries: Law and Practice* § 22:7 (1998), which explained that sleeplessness does not reach the level of severity any jurisdiction requires to establish severe mental distress).

5

not assert emotional distress from the filing of this suit. Therefore, the newly discovered letter does not bolster Cline's initial allegations nor does it alter the time when the statute of limitations began to run. Further, even assuming Southern Star did willfully hide the letter and file the suit in bad faith, Cline still has not alleged facts to support severe mental distress. Cline has failed to meet the standard for altering or amending the judgment under Rule 59.

### B. Rule 60(b)(3)

Cline suggests that newly discovered evidence or fraud on the part of Southern Star justifies amending the judgment pursuant to Rule 60(b)(3). For the reasons stated above, Southern Star's discovery of the earlier letter does not bolster Cline's counterclaim and thus, does not constitute new evidence. Further, Cline has not met his burden to allege facts that would demonstrate Southern Star intentionally hid the letter and thus committed a fraud or misrepresentation. Under Rule 60, the moving party must "by adequate proof, clearly substantiate" the opposing party's fraud or misrepresentation.[12] Cline has not attempted to provide adequate proof, but has merely stated that Southern Star knew the statute of limitations had expired and made untrue statements to the Court. The Court does not find Cline's conclusions adequate proof of fraud. Cline has not demonstrated that relief from judgment under Rule 60 is warranted.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Reconsideration (Doc. 31) is **denied**.

**IT IS SO ORDERED.**

Dated: January 23, 2011

---

[12]*Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005).

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE