ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SOUTHERN STAR CENTRAL ) | |
| GAS PIPELINE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-2233 JAR/DJW |
| ) | |
| PHILLIP G. CLINE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Before the Court is defendant Phillip G. Cline's Motion for Reconsideration (Doc. 61) regarding the Court's May 24, 2011 Memorandum and Order (Doc. 59) granting defendant Southern Star Central Gas Pipeline Inc.'s motion to enforce the settlement agreement in this case (Doc. 50). Also before the Court is defendant Cline's Request for Enforcement of this Court's Jan. 31st Order (Doc. 60). The Court determined in the May 24, 2011 Order that the parties had reached a settlement agreement, the terms of which were placed on the record before Magistrate Judge David Waxse after a settlement hearing that he conducted on January 26, 2011. Plaintiff Southern Star Central Gas Pipeline, Inc. ("Southern Star") has responded to both of Cline's motions and the Court is prepared to rule. For the reasons explained below the Court denies Cline's motion for reconsideration.

**I.    Background**

The Court incorporates by reference the background provided in its May 24, 2010 Memorandum and Order. On January 26, 2011, Judge Waxse conducted a settlement conference with the parties. The parties were able to reach a settlement at this conference and Judge Waxse

put the terms of the Agreement on the record. The full transcript of this hearing has been made part of the record.[1] On January 26, 2011, the Minute Sheet for the settlement conference with Judge Waxse was filed, indicating that this case had settled.[2] In line with customary practice, this Court entered an order administratively terminating the case without prejudice.[3] That order states that the parties

> may reopen the proceedings for good cause shown, for the entry of
> any stipulation or order, or for any other purpose required to obtain
> a final determination of the litigation. If no stipulation is received
> and the parties have not moved to reopen the case [by February 28,
> 2011], this order shall constitute the Court's entry of final
> judgment of dismissal with prejudice pursuant to Rule 41(a)(2).

The parties jointly requested a telephone conference with Judge Waxse on February 23, 2011; that was conducted on February 28. At that phone conference, the parties were advised by Judge Waxse that their dispute about the terms of the settlement agreement entered into on January 26, 2011 must be resolved by the undersigned after a motion to enforce the settlement agreement is filed. Plaintiff filed its Motion for Enforcement of the Settlement Agreement on March 10, 2011.

In the Court's May 24, 2010 Order ruling on the motion to enforce the settlement agreement, it found that the transcript of the settlement conference with Judge Waxse reflects that the parties in the matter reached a settlement on all essential terms of the agreement. The Court found that the parties expressly agreed to certain definite terms, with an understanding that they would later memorialize those terms in a written formal agreement. The Court reviewed the Mineral Conveyance and Underground Gas Storage Easement Agreement, submitted by Ms.

---

[1] Doc. 51-1.

[2] Doc. 45.

[3] Doc. 46.

James to Mr. Hawver after the settlement hearing, and found that it was enforceable and that the terms of the agreement were as presented by Ms. James in the settlement agreement and mineral easement and conveyance document attached to her motion, with the exception of the word "currently" in section 5. The Court found no fraud or bad faith with respect to the statements made on the record concerning the terms of the settlement agreement and found that the parties intended to be bound.

## II.      Standards

Defendant does not specify whether he brings his motion for reconsideration under Rule 59 or Rule 60.[4] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[5] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[6]

By contrast, Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule."[7] Under Rule 60(b), the court may relieve a party from a final judgment for the following reasons:

---

[4]D. Kan. R. 7.3(a) ("Parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60. The court will not grant reconsideration of such an order or judgment under this rule.").

[5]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[6]*Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[7]*Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered; . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . [or] it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[8]

Subsection (b)(6) is mutually exclusive to the other categories of relief enumerated in Rule 60(b),[9] and may only be granted "in extraordinary circumstances and only when necessary to accomplish justice."[10] Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument" because a Rule 60(b) motion is not a substitute for appeal.[11]

## III. Discussion

Cline argues that the Court should reconsider its Order enforcing the settlement agreement because: (1) the finding that the Mineral Conveyance and Underground Gas Storage Easement Agreement was provided to Cline and Hawver is incorrect, (2) Cline understood that further negotiation would be warranted if he did not approve of the agreement drafted by Southern Star at the conclusion of the hearing, and (3) Cline personally believes that Southern Star intended to defraud him and believes the Court erred in finding that Southern Star did not

---

[8]Fed. R. Civ. P. 60(b).

[9]*Mullin v. High Mountain*, 182 F. App'x 830, 833 n.3 (10th Cir. 2006) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005)).

[10]*Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 579 (10th Cir. 1996) (quoting *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993)).

[11]*Hilliard v. Dist. Ct. of Comanche Cnty.*, 100 F. App'x 816, 819 (10th Cir. 2004) (internal quotations omitted).

act in bad faith when it added the word "currently" to section 5 of the agreement that it circulated after the hearing.

None of the grounds argued by Cline warrant reconsideration of the Court's May 24, 2011 Order. These arguments were already presented to the Court, both in writing and orally at the May 12, 2011 hearing, and the Court rejected them for the reasons set forth in that Order. None of the alleged errors constitute clear error and Cline's personal beliefs are not properly considered by this Court as evidence, either at this time, or at the time of the hearing. Cline never submitted an affidavit, nor did he testify under oath. The Court instead based its findings on the evidence in the record, primarily relying on the terms of the settlement agreement reached between the parties and placed on the record before Judge Waxse. The Court has the benefit of a transcript of that hearing and it was not clear error for the Court to rely upon it in determining that the settlement agreement should be enforced and that the documents drafted by Ms. James, with the exception of the word "currently" in section 5, correctly memorialize the material terms of the parties' agreement, assented to on the record. In addition, the Court declines to reconsider its determination that Cline acted in bad faith in refusing the execute the settlement documents in this matter and that Southern Star did not act in bad faith.

The Court also denies Cline's motion to "enforce" the Court's order administratively terminating the case, which was entered as a result of the parties' purported settlement. Prior to February 28, 2011, the parties jointly requested a phone conference "to discuss the status of the settlement reached during mediation," and on February 28, 2011, they participated in a phone conference where it was determined that a motion to enforce the settlement agreement would be filed. These events effectively reopened the case, as they were required in order to obtain a final

determination in the litigation. The Court construes the parties' joint request for a phone conference as a request to reopen the case; therefore, the order did not constitute an entry of final judgment prior to this Court's determination that the parties had reached an enforceable settlement.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Reconsideration regarding the Court's May 24, 2011 Memorandum and Order (Doc. 61) and Request for Enforcement of this Court's Jan. 31st Order (Doc. 60) are **denied.**

Dated: June 13, 2011

 S/ Julie A. Robinson
 JULIE A. ROBINSON
 UNITED STATES DISTRICT JUDGE