ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SOUTHERN STAR CENTRAL**<br>**GAS PIPELINE, INC.**<br><br>      **Plaintiff,**<br><br>v.<br><br>**PHILLIP G. CLINE,**<br><br>      **Defendant.** | )<br>)<br>)<br>)<br>)<br>) Case No. 10-CV-2233 JAR/DJW<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Before the Court are plaintiff Southern Star Central Gas Pipeline, Inc.'s ("Southern Star") Motion to Enforce Judgment for a Specific Action (Doc. 77) and Motion to Alter or Amend Judgment (Doc. 82).

The Court determined in a May 24, 2011 Memorandum and Order that the parties had reached a settlement agreement, the terms of which were placed on the record before Magistrate Judge David Waxse at the conclusion of a settlement hearing he conducted on January 26, 2011. In the May 24, 2011 Order, the Court found that the transcript of the settlement conference with Judge Waxse reflects that the parties reached a settlement on all essential terms of the agreement. The Court found that the parties expressly agreed to certain definite terms, with an understanding that they would later memorialize those terms in a written formal agreement.  The Court reviewed the Mineral Conveyance and Underground Gas Storage Easement Agreement, submitted by Ms. James, counsel for Southern Star, to Mr. Hawver, counsel for defendant, during the settlement hearing and found that it was enforceable.  The Court further found that the

terms of the agreement were as presented by Ms. James in the settlement agreement and mineral easement and conveyance document attached to her motion, with the exception of the word "currently" in section 5.  The Court found no fraud or bad faith with respect to the statements made on the record concerning the terms of the settlement agreement and found that the parties intended to be bound.  In this May 24, 2011 Order, the Court granted Southern Star's motion to enforce the settlement agreement and granted plaintiff's motion for sanctions in the amount of its attorneys' fees spent litigating the motion to enforce settlement. Plaintiff was directed to file an application for attorneys' fees.  Defendant filed a motion for reconsideration, which the Court denied.  Pending before the Court is plaintiff's application for attorney's fees, filed on June 13, 2011 and supplemented on July 18, 2011.  Defendant filed a notice of appeal on July 11, 2011.

On July 19, 2011, plaintiff filed a Motion to Enforce Judgment for a Specific Action pursuant to Fed. R. Civ. P. 70(a), asking this Court to construe its May 24, 2011 Order as a final judgment.  Upon reviewing the case file, the Court determined that a final judgment was required in this matter, pursuant to Rule 58(a), which requires that a final judgment be set out in a separate document in the vast majority of cases.  Judgment was entered on the Court's May 24, 2011 Memorandum and Order on August 5, 2011 and the case was dismissed with prejudice therein.

Plaintiff has filed a Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59, arguing that the judgment should be altered because it dismisses the case with prejudice without any action on the pending motion brought under Rule 70(a) and the fee application.  A final judgment is "one that terminates all matters as to all parties and causes of action."[1]  And a

---

[1] *Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) (quotation omitted).

decision becomes final when it is set forth in a separate document as required by Rule 58(a).[2] The "separate document requirement applies in any case where there is uncertainty about whether final judgment has been entered."[3]  As a general rule, even after the Court has entered judgment, it retains ancillary jurisdiction to enforce its own orders and judgments.[4]  Moreover, even though an appeal is pending, the Court retains jurisdiction to consider collateral matters not involved in the appeal.[5]  Nonetheless, the Court will grant plaintiff's motion to alter the August 5, 2011 Judgment to explicitly state that the Court retains jurisdiction to enforce the judgment and to determine the amount of attorneys' fees that should be awarded pursuant to its May 24, 2011 Order granting plaintiff's motion for sanctions.

Additionally, the Court orders that the Amended Judgment include the following specific provision: defendant Cline is ordered to execute and deliver to Southern Star the Settlement Agreement and the Mineral Conveyance and Underground Gas Storage Easement Agreement, as required by this Court's May 24, 2011 Order, by no later than September 13, 2011.  Plaintiff is directed to file a brief status report as soon as practicable after this period elapses, advising the Court whether defendant Cline in fact executed and delivered the documents.  If defendant fails to comply with the forthcoming Amended Judgment, the Court will take up plaintiff's Motion to Enforce Judgment for a Specific Action under Rule 70(a), or any other motion plaintiff may bring pursuant to Rule 70, based on defendant's failure to abide by the Court's Amended

---

[2]*See id.*

[3]*Id.*

[4]*Peacock v. Thomas*, 516 U.S. 349, 356 (1996).

[5]*Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir.1998) (treating attorneys' fee award granted as sanction as collateral to the merits of the underlying action).

Judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Alter or Amend Judgment (Doc. 82) is **granted**. The Clerk is directed to enter an Amended Judgment that adds the following provisions: (1) defendant Cline is ordered to execute and deliver to Southern Star the Settlement Agreement and the Mineral Conveyance and Underground Gas Storage Easement Agreement, as required by this Court's May 24, 2011 Order, by no later than September 13, 2011; and (2) the Court retains jurisdiction to enforce the Amended Judgment and to determine the amount of attorneys' fees that should be awarded as sanctions.

**IT IS FURTHER ORDERED THAT** plaintiff shall file a brief status report as soon as practicable after September 13, 2011, advising the Court whether defendant Cline in fact executed and delivered the documents pursuant to the Amended Judgment.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Enforce Judgment for a Specific Action (Doc. 77) is **taken under advisement**.

Dated: August 30, 2011

        S/ Julie A. Robinson
        JULIE A. ROBINSON
        UNITED STATES DISTRICT JUDGE