ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SOUTHERN STAR CENTRAL<br>GAS PIPELINE, INC.<br><br>    Plaintiff,<br><br>v.<br><br>PHILLIP G. CLINE,<br><br>    Defendant. | Case No. 10-CV-2233 JAR/DJW |

## MEMORANDUM AND ORDER

Before the Court is plaintiff Southern Star Central Gas Pipeline, Inc.'s ("Southern Star") Application for Award of Attorneys' Fees (Doc. 65), as supplemented on July 18, 2011 in Doc. 76. The Court previously found that plaintiff was entitled to sanctions in this matter based on defendant Phillip Cline's refusal to execute settlement documents, despite reaching a settlement agreement on the record before Judge Waxse. Plaintiff was directed to file an application for attorneys' fees for the time spent litigating the motion to enforce settlement. Defendant has not responded and the time for doing so has expired. The Court has considered plaintiff's submissions under the appropriate standards and finds that plaintiff is entitled to sanctions in the amount of $9799.

## I.     Background

The Court determined in a May 24, 2011 Memorandum and Order that the parties had reached a settlement agreement, the terms of which were placed on the record before Magistrate Judge David Waxse at the conclusion of a settlement hearing he conducted on January 26, 2011. In the May 24, 2011 Order, the Court found that the transcript of the settlement conference with

Judge Waxse reflects that the parties reached a settlement on all essential terms of the agreement. The Court found that the parties expressly agreed to certain definite terms, with an understanding that they would later memorialize those terms in a written formal agreement. The Court reviewed the Mineral Conveyance and Underground Gas Storage Easement Agreement, submitted by Ms. James, counsel for Southern Star, to Mr. Hawver, counsel for defendant, during the settlement hearing and found that it was enforceable. The Court further found that the terms of the agreement were as presented by Ms. James in the settlement agreement and mineral easement and conveyance document attached to her motion, with the exception of the word "currently" in section 5. The Court found no fraud or bad faith with respect to the statements made on the record concerning the terms of the settlement agreement and found that the parties intended to be bound. In this May 24, 2011 Order, the Court granted Southern Star's motion to enforce the settlement agreement and granted plaintiff's motion for sanctions in the amount of its attorneys' fees spent litigating the motion to enforce settlement. Plaintiff was directed to file an application for attorneys' fees. Defendant filed a motion for reconsideration, which the Court denied.

In its application, plaintiff seeks attorneys' fees and expenses for 66.6 hours of work by three different attorneys, as well as costs and expenses, for a total request of $16,147. Plaintiff has submitted its billing records and Ms. James' affidavit to establish the reasonableness of its fee request. Plaintiff further asks that the amount be increased if defendant and/or his attorneys continue to require plaintiff to incur additional fees and expenses.

**II.     Discussion**

In determining reasonable attorneys' fees, the court arrives at a lodestar figure by

multiplying the hours counsel reasonably spent on the litigation by a reasonable hourly rate.[1] The applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.[2] Once an applicant has met this burden, the lodestar figure is presumed to be a reasonable fee.[3]

### A.    Reasonable Hours

In order for the applicant to satisfy its burden of proving the number of hours reasonably spent on the litigation, the party must submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[4] "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."[5] The Court "is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time."[6]

The Court finds that, pursuant to this framework, plaintiff's requested hours must be substantially reduced. In its May 24, 2011 Memorandum and Order, the Court awarded sanctions against defendant based on his bad faith in refusing to execute the settlement

---

[1] *Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[2] *See Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1249–50 (10th Cir. 1998).

[3] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

[4] *Id*. (citation omitted).

[5] *Id.* at 1280.

[6] *Id.* (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir. 1995)).

documents that memorialized the settlement reached on the record before Judge Waxse in January 2011.  The Court found that "Southern Star is entitled to its reasonable attorneys' fees and costs associated with litigating this motion to enforce the settlement agreement."[7]  The Court did not award Southern Star attorneys' fees associated with reviewing the Court's May 24, 2011 Order, preparing its fee application, or enforcing the judgment.  Therefore, the Court declines to award attorneys' fees incurred after the hearing on the motion to enforce settlement, which was conducted on May 12, 2011.

Further, the Court declines to award attorneys' fees for time spent conferencing between counsel. Indeed, the Court finds that the participation of one attorney was sufficient and reasonable on the motion to enforce settlement agreement, and declines to award fees for duplicative work.  For example, three attorneys billed time drafting, reviewing, and revising the reply brief on the underlying motion.  This work is duplicative and the Court declines to impose on defendant the fees expended by all three attorneys in fashioning this sanctions award.  The Court finds that Teresa James was clearly lead counsel in this matter and determines that her time alone should be recovered as sanctions.  The Court has reviewed the billing records and finds that Ms. James reasonably expended 33.1 hours litigating the motion to enforce settlement agreement.

### B.    Reasonable Rate

In examining the hourly rate, the court is to refer "to the prevailing market rates in the relevant community."[8]  "The first step in setting a rate of compensation for the hours reasonably

---

[7]Doc. 59 at 13.

[8]*Blum v. Stenson*, 465 U.S. 886, 895 (1984).

expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."[9]  In making this determination, if the court does not have before it adequate evidence of prevailing market rates, the court may, in its discretion, "use other relevant factors, including its own knowledge, to establish the rate."[10]

Plaintiff's counsel has made no showing Ms. James' rate is reasonable under the applicable standard. For example, there is no indication in the attached declarations about her skill and experience.  However, Ms. James' affidavit does establish that her rate is the standard hourly rate routinely charged to Southern Star and, based on the Court's own knowledge of the prevailing rates in the community, the Court finds that her hourly rate of $290 is reasonable.

Therefore, the lodestar calculation for Ms. James is $9599, which represents the total lodestar.  The Court finds that this amount represents a reasonable amount of attorneys' fees spent by plaintiff Southern Star litigating the motion to enforce settlement agreement, which should be awarded as a sanction against defendant Cline in refusing to execute the settlement documents in this matter.  Moreover, the Court finds that plaintiff's request for $200 in costs is reasonable, as it has provided the billing records for the reasonable costs associated with litigating the motion to enforce settlement agreement.  **The Court awards sanctions against defendant Cline in the total amount of $9799.**

**IT IS THEREFORE ORDERED BY THE COURT** plaintiff's Application for Award of Attorneys' Fees (Doc. 65), as supplemented on July 18, 2011 in Doc. 76, is granted. **The Court awards sanctions against defendant Cline in the total amount of $9799.**

---

[9] *See Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1256 (10th Cir. 1998).

[10] *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (citing *Case*, 157 F.3d at 1257).

Dated: <u>August 30, 2011</u>

                                         <u>S/ Julie A. Robinson</u>
                                         JULIE A. ROBINSON
                                         UNITED STATES DISTRICT JUDGE