IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SOUTHERN STAR CENTRAL ) | |
| GAS PIPELINE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-2233 JAR/DJW |
| ) | |
| PHILLIP G. CLINE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Defendant filed a notice of appeal on July 11, 2011, as to this Court's May 24, 2011 Memorandum and Order granting plaintiff's motion to enforce the parties' settlement agreement. On August 30, 2011, the Court entered its Second Amended Judgment, directing defendant to execute and deliver to Southern Star the Settlement Agreement and the Mineral Conveyance and Underground Gas Storage Easement Agreement, as required by this Court's May 24, 2011 Order, by no later than September 13, 2011. The Court further awarded sanctions in the amount of $9799 against defendant. In a status report filed with the Court on September 15, 2011, Southern Star represents that defendant has not executed and delivered the settlement documents.

Before the Court are plaintiff Southern Star Central Gas Pipeline, Inc.'s ("Southern Star") Motion to Enforce Judgment for a Specific Action (Doc. 77), as supplemented by Doc. 94, and defendant Phillip G. Cline's Motion for Stay Pending Appeal (Doc. 88). As explained more fully below, the Court denies defendant's motion for stay pending appeal and grants plaintiff's motion to enforce judgment for a specific action.

## I. Motion for Stay Pending Appeal

Under Fed. R. Civ. P. 62(d), "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." The local rule in this district provides that a supersedeas bond staying execution of a money judgment must be "in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay."[1]

The Court has discretion to allow a stay of proceedings without a full supersedeas bond "when the judgment creditor's interests would not be unduly endangered."[2] But waiver of the bond requirement "will only be granted if the appellant objectively demonstrates good cause."[3] The relevant factors for determining whether to waive the bond requirements are as follows:

> "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position."[4]

Defendant does not mention a bond in his motion. He does state that Southern Star will not be harmed by a stay and that defendant will be harmed because a significant monetary sanction will

---

[1] D. Kan. R. 62.2.

[2] *Wilmer v. Bd. of Cnty. Comm'rs of Leavenworth Cnty., Kan.*, 844 F. Supp. 1414, 1419 (D. Kan. 1993) (citations omitted).

[3] *Id.* (citing *Lamon v. City of Shawnee, Kan.*, 758 F. Supp. 654, 655 (D. Kan. 1991); *Metz v. United States*, 130 F.R.D. 458, 459 (D. Kan. 1990)).

[4] *Evolution, Inc. v. Sun Trust Bank*, No. 01-2409-CM, 2005 WL 1041348, at *1 (D. Kan. Jan. 10, 2005) (quoting *Wilmer*, 844 F. Supp. at 1419).

be enforced against him without the stay.  But neither of these conclusory statements are sufficient to objectively demonstrate good cause to waive the bond requirement.  Therefore, the Court declines to exercise its discretion and waive the bond requirement in this matter, and defendant's motion to stay is denied.

## II.     Motion to Enforce Judgment for a Specific Action

Plaintiff asks the Court to enforce the specific action required by the Second Amended Judgment ("Judgment") entered on August 30, 2011.  The Judgment ordered defendant to execute and deliver to Southern Star the settlement documents by no later than September 13, 2011.  Defendant has not complied with the Court's Judgment, and plaintiff now seeks to enforce the Judgment pursuant to Fed. R. Civ. P. 70(a).  Rule 70(a) applies to judgments that require a party "to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified."  Under these circumstances, the Rule allows the Court to "order the act to be done—at the disobedient party's expense—by another person appointed by the court.  When done, the act has the same effect as if done by the party."[5]

The Court agrees that Rule 70(a) squarely applies in this case.  The Judgment ordered defendant to deliver executed settlement documents to plaintiff, and defendant failed to comply by the date set forth in the Judgment.  The Court will appoint a substitute party to execute and deliver the settlement documents in this matter on defendant's behalf, at defendant's expense. Plaintiff shall submit to the Court the name of an individual eligible to execute the settlement documents pursuant to Rule 70(a) as soon as practicable by filing a notice in CM/ECF.  As stated in Rule 70(a), once executed and delivered, these documents shall have the same effect as if

---

[5] Fed. R. Civ. P. 72(a).

executed and delivered by defendant.  After the documents are executed and delivered, plaintiff shall pay defendant $4701, minus the expense incurred by the substitute in executing the settlement documents.  This amount represents the net recovery by plaintiff under the settlement, minus the sanctions award.  The Court declines to award further sanctions in this matter at this time.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Stay Pending Appeal (Doc. 88) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Enforce Judgment for a Specific Action (Doc. 77), as supplemented by Doc. 94, is **granted**.  The Court will appoint a substitute party to execute and deliver the settlement documents in this matter on defendant's behalf, at defendant's expense.  Plaintiff shall submit to the Court the name of an individual eligible to execute the settlement documents pursuant to Rule 70(a) as soon as practicable by filing a notice in CM/ECF.  After the documents are executed and delivered, plaintiff shall pay defendant $4701, minus the expense incurred by the substitute in executing and delivering the settlement documents.

Dated: September 26, 2011

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE