IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SOUTHERN STAR CENTRAL ) | |
| GAS PIPELINE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-2233 JAR/DJW |
| ) | |
| PHILLIP G. CLINE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Phillip G. Cline's Motion for Ruling on Open Issues (Doc. 103), filed on November 8, 2013. Defendant suggests in his motion that the Court neglected to rule on an "open issue" in its May 24, 2011 Memorandum and Order (Doc. 59) granting Defendant Southern Star Central Gas Pipeline Inc.'s motion to enforce the settlement agreement in this case (Doc. 50). The Court determined in that May 24, 2011 Order that the parties had reached a settlement agreement, the terms of which were placed on the record before Magistrate Judge David Waxse after a settlement hearing that he conducted on January 26, 2011. The Court later denied a motion by Mr. Cline to reconsider that Order, and Judgment was entered against Mr. Cline. The Court was further called upon by Southern Star to enforce the Judgment by appointing a substitute party to execute and deliver the settlement documents on behalf of Mr. Cline. In conjunction with those proceedings, the Court sanctioned Mr. Cline and his former counsel, Dennis Hawver. Mr. Cline filed an appeal, through new counsel, Kenji Zweygardt, which the Tenth Circuit Court of Appeals dismissed in March 2012 due to deficiencies in the brief and appendix.

Now, Mr. Zweygardt, on behalf of his client, has filed a motion to rule on an "open

issue" in a case that has been closed for over two years, and for which Defendant failed to perfect an appeal. This motion is plainly frivolous and is summarily denied. There are no open issues. The myriad opinions issued by this Court in 2011 addressed all open issues presented by the case. Judgment was entered and no appeal was perfected. Defendant's motion is denied.

In responding to the motion, Southern Star requests sanctions against Mr. Cline and Mr. Zweygardt. Under 28 U.S.C. § 1927, "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." Moreover, the Court has the inherent authority to assess fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[1] In the Court's May 24, 2011 Order enforcing the settlement agreement, the Court awarded sanctions against Mr. Cline and his prior counsel because they had both exercised bad faith and multiplied those proceedings by pursuing unreasonable and frivolous positions. This latest motion continues Mr. Cline's practice of frivolous filings with the assistance of counsel, and the Court easily finds sanctions are once again warranted. Plaintiff is entitled to an award of reasonable attorneys' fees it incurred in responding to this motion. This sanction shall be borne equally between Mr. Cline and Mr. Zweygardt. Plaintiff shall file an application for attorneys' fees with the necessary supporting documentation and submit a proposed order to chambers by January 6, 2014.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Ruling on Open Issues (Doc. 103) is **denied**. Plaintiff's request for sanctions against both Mr. Cline and Mr. Zweygardt is granted. Plaintiff shall file an application for attorneys' fees with

---

[1] *Lowery v. Cnty. of Riley*, 738 F. Supp. 2d 1159, 1169–70 (D. Kan. 2010); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991).

the necessary supporting documentation and submit a proposed order to chambers by January 6, 2014.

**IT IS SO ORDERED**.

Dated: December 13, 2013

                                              S/ Julie A. Robinson

                                              JULIE A. ROBINSON

                                              UNITED STATES DISTRICT JUDGE