# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| SOUTHERN STAR CENTRAL | ) |
| GAS PIPELINE, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-2233 JAR/DJW |
| | ) |
| PHILLIP G. CLINE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Southern Star Central Gas Pipeline, Inc.'s ("Southern Star") Application for Award of Attorneys' Fees (Doc. 106). The Court previously found that Plaintiff was entitled to sanctions in this matter based on Defendant Phillip Cline and his counsel's groundless motion to determine "open issues" in this closed case. Plaintiff was directed to file an application for attorneys' fees for the time spent responding to this motion. Defendant has responded and objects to the imposition of sanctions. As described more fully below, Defendant's objection is overruled and denied and Plaintiff's application for attorney fees in the amount of $1629 is granted.

The Court determined in a May 24, 2011 Memorandum and Order that the parties had reached a settlement agreement, the terms of which were placed on the record before Magistrate Judge David Waxse at the conclusion of a settlement hearing he conducted on January 26, 2011. In the May 24, 2011 Order, the Court found that the transcript of the settlement conference with Judge Waxse reflects that the parties reached a settlement on all essential terms of the agreement. The Court found that the parties expressly agreed to certain definite terms, with an understanding that they would later memorialize those terms in a written formal agreement. The Court

reviewed the Mineral Conveyance and Underground Gas Storage Easement Agreement, drafted and submitted by Ms. James, counsel for Southern Star, to Mr. Hawver, counsel for Defendant, and found that it was enforceable.  The Court further found that the terms of the agreement were as presented by Ms. James in the settlement agreement and mineral easement and conveyance document attached to her motion, with the exception of the word "currently" in section 5.  The Court found no fraud or bad faith with respect to the statements made on the record concerning the terms of the settlement agreement and found that the parties intended to be bound.

In this May 24, 2011 Order, the Court granted Southern Star's motion to enforce the settlement agreement and for sanctions in the amount of its attorney fees spent litigating the motion to enforce settlement.  Defendant filed a motion for reconsideration, which the Court denied.  After Southern Star submitted a properly supported motion for attorney fees, itemizing all fees requested, the Court awarded sanctions in the total amount of $9799 on August 30, 2011.  The Second Amended Judgment was entered in this matter that same day, disposing of all claims and issues, including attorney fees.  Absolutely no issues remain.  For this reason, the Court found that Defendant's "Motion for Ruling on Open Issues" was frivolous and awarded attorney fees to Plaintiff in the amount reasonably spent responding to this motion.

In his objection, Defendant suggests that the Court is somehow responsible for providing Mr. Zweygardt with a calculation of sanctions awarded in this case.  He does not explain his request.  Judgment was entered in the amount of $9799—the amount of sanctions imposed on August 30, 2011.  There is no further calculation by the Court that is warranted in this case.  To the extent Defendant desires to have "Plaintiff review the case file," that is not a matter for judicial determination.  Defendant's objection to the sanctions award is overruled and denied.

In its January 6, 2014 attorney fee application, Plaintiff seeks attorney fees and expenses for 7.6 hours of work by two different attorneys (Ms. Wood and Ms. James), as well as one paralegal, for a total request of $1629. Plaintiff has submitted its billing records and Ms. Wood's affidavit to establish the reasonableness of its fee request.

In determining reasonable attorneys' fees, the court arrives at a lodestar figure by multiplying the hours counsel reasonably spent on the litigation by a reasonable hourly rate.[1] The applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.[2] Once an applicant has met this burden, the lodestar figure is presumed to be a reasonable fee.[3] The Court has reviewed the documentation submitted with the fee application and finds that the minimal hours spent responding to Defendant's most recent motion is fair and reasonable. Notably, several of the entries were spent with no charge.

In examining the hourly rate, the court is to refer "to the prevailing market rates in the relevant community."[4] "The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."[5] In making this determination, if the court does not have before it adequate evidence of prevailing market rates, the court may, in its

---

[1] *Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[2] *See Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1249–50 (10th Cir. 1998).

[3] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

[4] *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

[5] *See Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1256 (10th Cir. 1998).

discretion, "use other relevant factors, including its own knowledge, to establish the rate."[6] Plaintiff's counsel has made a sufficient showing that Ms. Wood and Ms. James' rates are reasonable under the applicable standard.

Therefore, the lodestar calculation for the legal fees spent responding to the motion to determine open issues is $1629. The Court finds that this amount represents a reasonable amount of attorneys' fees spent by Plaintiff Southern Star litigating the motion, which should be awarded as a sanction against Defendant Cline and his attorney for filing a frivolous and unnecessary motion. **The Court awards sanctions in the total amount of $1629.**

**IT IS THEREFORE ORDERED BY THE COURT** Plaintiff's Application for Award of Attorneys' Fees (Doc. 106) is **granted**. **The Court awards sanctions against Defendant Cline in the total amount of $1629.**

**IT IS SO ORDERED**.

Dated: January 15, 2014

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[6] *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (citing *Case*, 157 F.3d at 1257).